JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Gabriel Antonio Cortez,           )   CV-08-360-RSWL (PJWx)
                                  )
             Plaintiff,           )   ORDER REMANDING CASE TO
                                  )   STATE COURT
     v.                           )
                                  )
Sunbelt Rentals, Inc. and         )
Does 1 through 100,               )
inclusive,                        )
             Defendants.          )
_____)

The Court is in receipt of Defendant's Notice of Removal. The Court hereby **REMANDS** this case to state court because the Court does not have subject matter jurisdiction.

28 U.S.C. § 1331 provides that district courts have original jurisdiction of actions "arising under the Constitution, laws, or treaties of the United States." An action only "arises under" federal law if it is a federally-created cause of action or the plaintiff's

1

1  right to relief necessarily depends on resolution of a
2  substantial question of federal law.  <u>Franchise Tax.</u>
3  <u>Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S.
4  1, 27-28 (1983).  However, mere reference to federal
5  law is not sufficient to constitute federal question
6  jurisdiction.  <u>Merrell Dow Pharmaceuticals, Inc. v.</u>
7  <u>Thompson</u>, 478 U.S. 804, 807-8 (1986).  Instead, a case
8  can arise under federal law "...where vindication of a
9  right under state law necessarily turn[s] on some
10 construction of federal law.  <u>Franchise Tax Bd.</u>, 463
11 U.S. at 9.  "…[I]f a federal law does not provide a
12 private right of action, then a state law action based
13 on its violation perforce does not raise a
14 'substantial' federal question."  <u>Utley v. Varian</u>
15 <u>Assocs., Inc.</u>, 811 F.2d 1279, 1283 (9th Cir. 1987)
16 (citing <u>Merrell Dow</u>, 478 U.S. 804).
17
18      Defendant asserts that Plaintiff's Complaint
19 alleges that Defendant subjected Plaintiff to illegal
20 actions, including violations of the Department of
21 Transportation Federal Motor Carrier Safety
22 Administration's Hours of Service Regulations, as
23 codified in 49 CFR Part 395 ("the Hours of Service
24 Regulations").  Therefore, Defendant argues that
25 Plaintiff's claims arise under the laws of the United
26 States because resolving the state law claims requires
27 resolution of a substantial question of federal law.
28 ///

1 | Plaintiff brings all his claims under state law, while merely referencing federal law violations.  There is no private cause of action for violation of the Federal Hours of Service Regulations, and therefore no substantial federal question raised.  See <u>Vosch v. Werner Continental, Inc.</u>, 734 F.2d 149 (3d Cir. 1984). Therefore, this Court does not have subject matter jurisdiction over this case, and the case is remanded to state court.

**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATED: February 11, 2009

3